UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSICA FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01802-SEB-TAB |
| | ) | |
| NATIONAL CREDIT SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES**

In its answer to Plaintiff Jessica Franklin's complaint alleging a single violation of the

Fair Debt Collection Practices Act, Defendant National Credit Systems, Inc. included what

purport to be 16 affirmative defenses.  [Filing No. 8.]  Plaintiff's counsel took issue with this and

filed a motion to strike Defendant's affirmative defenses.  [Filing No. 10.]  For reasons not

entirely clear to the Court, it took Plaintiff 17 pages to explain why Defendant's affirmative

defenses should be stricken.  In response, Defendant fired back with a 13-page brief alleging,

"Plaintiff's motion to strike is nothing more than a tactic to drive up the costs of litigation in a

suit brought under fee shifting statutes."  [Filing No. 11, at ECF p. 12.]  Plaintiff then filed a 5-

page reply brief contending Defendant's response contains a "glaring omission" and

"mischaracterizes" the legal applicable standard.  [Filing No. 12, at ECF p. 1.]  Enough.

The problems underlying Defendant's affirmative defenses are plain to see.  Many of the

defenses are not even affirmative defenses.  Affirmative defenses are defenses that the Defendant

must prove, such as affirmative defense 6, which alleges *bona fide* error.  *See, e.g., Perez v. PBI

Bank, Inc.*, No. 1:14-cv-01429-SEB-MJD, 2015 WL 500874 at *5 (S.D. Ind. Feb. 4, 2015) ("A

defense is an affirmative defense if it is specifically enumerated in Fed. R. Civ. P. 8(c), if the

defendant bears the burden of proof, or if the defense does not require converting the plaintiff's

proof."). A list of affirmative defenses can be found in Fed. R. Civ. P. 8(c)(1). However, defenses 1-5 are not affirmative defenses. Defense 1 asserts Plaintiff has failed to state a claim for which relief can be granted. Well, if that is true, Plaintiff is out of luck. However, this does not require any affirmative proof by Defendant. *Cf. Barrett v. Invictus Real Estate Group, LLC,* No. 1:20-cv-02275-JPH-TAB, 2020 WL 7384681, at *3 (S.D. Ind. Dec. 16, 2020) (denying motion to strike because failure to state a claim, though not technically an affirmative defense, is a nonwaivable defense under Fed. R. Civ. P. 12(b) that may be asserted at any time). Defenses 2-5 assert, in essence, Plaintiff has no damages. Again, it is Plaintiff's obligation to prove damages, not Defendant's. Failure to mitigate damages is an affirmative defense, but Defendant did not raise this defense in its answer.

Defendant's purported affirmative defenses suffer from numerous other problems. The Court will not list them all here, but will point out two. First, defense 12 asserts, "Plaintiff's claims, as pleaded, may be preempted in whole or in part." In response, Plaintiff rightly declares, "Preempted by what? The basis for this lawsuit is the violation of the Fair Debt Collection Practices Act, a federal statute. One federal statute cannot preempt another federal statute." [Filing No. 12, at ECF p. 3-4.] Then there is defense 15, a real doozy, which in a lengthy paragraph purports to incorporate "…any and all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure including, but not limited to, estoppel, failure of consideration, laches, statute of limitations and waiver." [Filing No. 8, at ECF p. 12.]

In fairness to Defendant, Plaintiff's concerns likely could have been addressed had Plaintiff's counsel raised these concerns with Defendant's counsel before filing the motion to strike. Alas, Defendant's response brief notes that Plaintiff's counsel filed the instant motion without conferring with Defendant's counsel. [Filing No. 11, at ECF p. 1.] While Plaintiff is

understandably concerned about expending "time and resources litigating irrelevant issues…" [Filing No. 10, at ECF p. 16], a simple conversation with opposing counsel might have diminished Plaintiff's perceived need to heat up this litigation by filing a motion to strike.  After all, motions to strike are disfavored.  *See, e.g.*, *Crowder v. Foster Wheeler*, LLC, 265 F.R.D. 368, 370 (S.D. Ind. 2009) ("Motions to strike are disfavored because they potentially only serve to delay.").  And for good reason.  Such motions distract the parties and the Court from the merits of the case.

Perhaps there is some bad blood between the parties or their counsel.  Plaintiff's brief indicates "this is the second round between these parties…," referring to prior litigation.  [Filing No. 12, at ECF p. 4.]  And Plaintiff's request that all of Defendant's affirmative defenses be stricken **with prejudice** is clearly an overreach.  However, if there has been some ruffling of feathers, then all the more reason exists why counsel here should confer in earnest before filing and briefing distracting and disfavored motions.

At bottom, Defendant needs to take a hard look at its affirmative defenses, preferably after consulting with Plaintiff about the focus of this case.  Accordingly, Plaintiff's motion to strike [Filing No. 10] is granted in part.  Defendant's affirmative defenses are stricken, but not with prejudice.  Defendant is given leave to file an amended answer with more streamlined and appropriate (and hopefully far fewer) affirmative defenses.  Defendant shall have 14 days from this order to file its amended answer.

Date: 1/16/2024

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

All ECF-registered counsel of record via email